```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KATHLEEN KILEY, DEBORAH HOGAN,     :
                                   :
     Plaintiffs,                   :
                                   :
V.                                 :   CASE NO. 3:05-CV-1658 (RNC)
                                   :
ACHIEVEGLOBAL, INC.,               :
ACHIEVEGLOBAL SEPARATION           :
POLICY, 7/23/02,                   :
                                   :
     Defendants.                   :
```

RULING AND ORDER

Plaintiffs bring this action against their former employer, AchieveGlobal, Inc., pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1101 et seq., for payment of severance benefits allegedly due under a separation policy.[1] Defendant has moved to dismiss the action for lack of personal jurisdiction and improper venue or, alternatively, to transfer it to the Middle District of Florida for the convenience of the parties and witnesses and in the interest of justice. See 28 U.S.C. § 1404(a). For the following reasons, the motion is denied.

I.  Facts

The complaint alleges the following facts. AchieveGlobal, Inc. is a Florida corporation with its principal place of

---

[1] Also named as a defendant is Achieveglobal Separation Policy 7/23/02. In this ruling, both defendants are referred to collectively as "defendant."

1

business in Tampa. (Compl. ¶ 7.) Plaintiff Kiley was an employee of defendant for twelve years before her termination on October 31, 2003. (Compl. ¶ 10.) At the time of her termination, she was working out of her home in Milford, Connecticut. (Compl. ¶ 11.) Plaintiff Hogan was an employee of defendant for seven years before her termination, also on October 31, 2003. (Compl. ¶ 13.) At the time of her termination, she was working out of her home in Westport, Connecticut. (Compl. ¶ 14.) Defendant's severance policy provided separated employees with two weeks pay for every year worked. (Compl. ¶ 17.) Defendant has refused to pay plaintiffs' severance benefits, apparently on the ground that it offered them positions in Tampa in lieu of termination. (Compl. ¶¶ 20, 27.)

II. <u>Discussion</u>

    A. <u>Personal Jurisdiction</u>

When a defendant contests personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. <u>Metro. Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 566 (2d Cir. 1996). When, as here, no discovery has occurred, the plaintiff may defeat a motion to dismiss by alleging "facts constituting a prima facie showing of personal jurisdiction." <u>PDK Labs, Inc. v. Friedlander</u>, 103 F.3d 1105, 1108 (2d Cir. 1997). In deciding whether personal jurisdiction is proper, the court must construe

the pleadings in the plaintiff's favor.  Id.

The parties disagree about whether personal jurisdiction is proper under Connecticut's long-arm statute regulating foreign corporations, Conn. Gen. Stat. § 33-929(f).  In federal question cases, however, federal courts do not apply state personal jurisdiction rules when the governing federal statute provides for national service of process.  See PDK Labs, Inc., 103 F.3d at 1108.  Courts have construed ERISA's national service of process provision, 29 U.S.C. § 1132(e)(2), to confer personal jurisdiction over a defendant so long as the defendant has sufficient minimum contacts with the United States as a whole, without regard to the requirements of state long-arm statutes.  See, e.g., Aetna Life & Cas. v. Owen, No. 3:04CV817 (WWE), 2004 WL 2381744, at *1-2 (D. Conn. Oct. 13, 2004); Local 8A-28A Welfare & 401(k) Ret. Funds v. Golden Eagles Architectural Metal Cleaning & Refinishing, 277 F. Supp. 2d 291, 294-95 (S.D.N.Y. 2003); Dittmann v. Dyno Nobel, Inc., No. 97-CV-1724, 1998 WL 865603, at *2-3 (N.D.N.Y. Nov. 24, 1998); see also IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1056-57 (2d Cir. 1993) (holding that the Multiemployer Pension Plan Amendments Act's national service provision confers nationwide jurisdiction).[2]

---

[2]  See also Med. Mut. of Ohio v. DeSoto, 245 F.3d 561, 566-68 (6th Cir. 2001); Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1035-37 (7th Cir. 2000); Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 825-26 (5th Cir. 1996).

This "national" contacts test is justified on the ground that, in ERISA cases, it is the United States that is exercising jurisdiction over the defendant.  See Dittmann, 1998 WL 865603, at *3; see also Owen, 2004 WL 2381744, at *2 ("[T]he Fifth Amendment only requires that a defendant have sufficient aggregate minimum contacts with the United States as a whole.").[3]  Defendant's contacts with the United States are clearly sufficient to satisfy this test.[4]  Accordingly, the motion to dismiss for lack of personal jurisdiction is denied.

    B.   Venue

An ERISA action may be brought in a district where (1) the plan is administered, (2) the breach occurred, (3) the defendant resides, or (4) the defendant may be found.  29 U.S.C. § 1132(e)(2).  A defendant is "found" in any district where it is subject to personal jurisdiction under the familiar "minimum contacts" test of International Shoe Co. v. Washington, 326 U.S.

---

[3] To the extent defendant contends that this "national contacts" test does not adequately protect its interest, see DeSoto, 245 F.3d at 566-68 & n.4 (summarizing such arguments), ERISA's venue provision, discussed below, ensures that an ERISA defendant has a connection to a plaintiff's chosen forum.  I find below that defendant has minimum contacts with Connecticut sufficient to subject it to jurisdiction in Connecticut on plaintiffs' claims.

[4] Because plaintiffs' ERISA and state law claims derive from a common nucleus of operative fact, the court has personal jurisdiction over the defendant on the state law claims pursuant to the doctrine of pendant personal jurisdiction.  See Herrmann, 9 F.3d at 1056.

4

310 (1945).  Higgins v. Exxon Co., USA, No. 3:97CV1560 (RNC), 1998 WL 892654, at *2 (D. Conn. July 30, 1998); Dittmann, 1998 WL 865603, at *4; see also Varsic v. U.S. Dist. Court, 607 F.2d 245, 247-48 (9th Cir. 1979).  Courts in this district have applied the Ninth Circuit's three-part test for determining whether a defendant is "found" in a district within the meaning of ERISA.  See Higgins, 1998 WL 892654, at *2 (citing Varsic, 607 F.2d 245); Seitz v. Bd. of Trs. of the Pension Plan of the N.Y. State Teamsters Conference Pension & Ret. Fund, 953 F. Supp. 100, 102 (S.D.N.Y. 1997) (same).  Under this test, (1) the defendant must have performed some act in the forum by which it purposefully availed itself of the privilege of conducting activities there, (2) the claim must arise out of those contacts, and (3) the exercise of jurisdiction must be reasonable.  See, e.g., Higgins, 1998 WL 892654, at *2.

I find that defendant purposefully availed itself of the privilege of conducting activities in Connecticut.  It is undisputed that defendant employed plaintiffs in Connecticut and that they regularly performed work for defendant in this forum.  In addition, under the separation policy, plaintiffs earned credit toward severance benefits in Connecticut.  By virtue of plaintiffs' employment in Connecticut, defendant "should [have] reasonably anticipate[d] being haled into court [here]."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980).

Moreover, plaintiffs' claims arise directly from defendant's contacts with Connecticut, thereby satisfying the second element of this test.  Other courts have found similar contacts sufficient to support venue in an ERISA case.  See, e.g., Varsic, 607 F.2d at 249-50 (defendant "purposefully availed itself of the privilege of conducting activities in the [forum]" because it decided to participate with a union there and made payments based on work performed there); Dittmann, 1998 WL 865603, at *5 (defendants "could surely have anticipated being haled into this district on the very type of claim brought here" because plaintiff worked in the forum and contributed to the pension plan from the forum).

Turning to the third prong of the "minimum contacts" test, exercising personal jurisdiction is "reasonable" if it "comports with 'traditional notions of fair play and substantial justice.'" Metro. Life Ins. Co., 84 F.3d at 568 (quoting Int'l Shoe Co., 326 U.S. at 316).  Courts assess "reasonableness" in light of five factors: (1) the burden on the defendant, (2) the interests of the forum state in adjudicating the case, (3) the plaintiff's interest in convenient and effective relief, (4) the interstate judicial system's interest in effective resolution of the case, and (5) the advancement of shared social policies.  Id. (citing Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 113 (1987)).

The balance of these factors tips in favor of jurisdiction. Though litigating this case in Connecticut will be somewhat inconvenient for defendant, this inconvenience is not so great as to reach constitutional proportions.  The "conveniences of modern communication and transportation" have eased the burdens of litigating at a distance from one's principal place of business. Id. at 574.  The second and third factors favor jurisdiction: Connecticut's interest in providing a convenient forum to aggrieved employees is "manifest," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985), and Connecticut is more convenient for plaintiffs, whose means are more limited than defendant's.  The fourth factor – the efficient administration of justice – is equivocal, as witnesses are located in both Connecticut and Florida.  See Metro. Life. Ins. Co., 84 F.3d at 568 ("In evaluating this factor, courts generally consider where witnesses and evidence are likely to be located.").  Finally, the court cannot envision a shared social policy that would discourage exercising jurisdiction in this case.  Because only one factor weighs slightly against jurisdiction and two factors weigh more strongly in favor jurisdiction, exercising jurisdiction over defendant in Connecticut is reasonable and the motion to dismiss for improper venue is therefore denied.

    C.    Transfer of Venue

Section § 1404(a) authorizes a court to transfer venue to

another district where the action could have been brought "[f]or the convenience of parties and witness, in the interest of justice."  The burden falls on the defendant to show that convenience and justice compel a transfer.  <u>Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.</u>, 294 F. Supp. 2d 218, 219 (D. Conn. 2003).  A plaintiff's choice of forum "is generally entitled to substantial consideration."  <u>Id.</u>

Whether transfer is appropriate is determined by considering (1) the weight to be accorded the plaintiff's choice of forum, (2) the locus of operative facts, (3) the convenience of the witnesses, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the convenience of the parties, (6) the relative means of the parties, (7) the location of relevant documents and ease of access to sources of proof,(8) the court's familiarity with governing law, and (9) trial efficiency and the interest of justice.  <u>Id.</u> at 219-20 (citing <u>U.S. Surgical Corp. v. Imagyn Med. Techs., Inc.</u>, 25 F. Supp. 2d 40, 46 (D. Conn. 1998)).

The plaintiffs' choice of forum is entitled to particular weight in this case.  One of the stated purposes of ERISA is to provide ready access to the federal courts for participants in employee benefit plans.  <u>See</u> 29 U.S.C. § 1001(b).  This purpose is reflected in the statute's liberal venue provisions, discussed above.  <u>See</u> <u>Varsic</u>, 607 F.2d at 248.  Effectuating this policy

goal requires giving substantial weight to an ERISA plaintiff's choice of forum.

Defendant argues that plaintiff's choice of forum should be accorded little weight because the operative facts have little connection with the forum.  See Charter Oak Fire Ins. Co., 294 F. Supp. 2d at 220.  To determine the locus of operative facts, the court should look to the "site of the events from which the claim arises."  Id. (quotation omitted).  As defendant contends, the key decisions concerning plaintiffs' employment were made in Florida.  However, plaintiffs worked and earned credit toward severance benefits in Connecticut, and communicated with defendants' employees about their employment and termination from Connecticut.[5]  Thus, while the claim arises in substantial part from events occurring in Florida, it also arises from events in Connecticut.  At most, this factor favors transfer only marginally.

The third and fourth factors do not weigh one way or the other.  Connecticut is more convenient for plaintiffs' witnesses,

---

[5] Plaintiffs' employment in Connecticut distinguishes this case from cases such as Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995), cited by defendant, in which a plaintiff attempts to establish venue based solely on an injury in the forum state.  In Woodke, the court held that a substantial part of the events giving rise to the claim did not take place in the forum state because the defendants' infringing actions all occurred outside the forum. Id.  By contrast, here, defendant can be said to have acted in Connecticut because plaintiffs were employed here and their employment was terminated here.

while Florida is more convenient for defendant's witnesses. Defendant asserts that it will be unable to obtain process to compel the testimony of unwilling witnesses. However, it appears that most (if not all) of the material witnesses are currently employed by defendant and thus subject to its control. Defendant identifies no witness who is outside its control and whose testimony is material. See Charter Oak Fire Ins. Co., 294 F. Supp. 2d at 220-21 (considering the materiality of the witnesses' testimony in assessing convenience).

The fifth and sixth factors – convenience of the parties and their relative means – weigh against transfer. The convenience factor itself is equivocal: Connecticut is more convenient for plaintiffs, and Florida is more convenient for defendant. When viewed in light of the parties' relative means, however, the convenience of the plaintiffs weighs in plaintiffs' favor.

The location of relevant documents and ease of access to sources of proof are not important factors in this case, as defendant concedes, because this is not a document-intensive case. Likewise, because this case primarily involves federal law, the court's familiarity with governing law is of little consequence.

Finally, I find that retaining venue in Connecticut would be in the interests of justice. As discussed above, ERISA embodies a policy of providing easy access to the federal courts for

aggrieved participants in employee benefit plans.

In sum, after considering all the pertinent factors, I conclude that defendant has not demonstrated that transfer is necessary to accommodate the parties and witnesses or to further the interests of justice and, accordingly, its motion to transfer is denied.

III. Conclusion

For the foregoing reasons, defendants' motion to dismiss or, alternatively, to transfer venue [Doc. #10] is hereby denied.

The parties will file their Rule 26(f) Report on or before September 18, 2006.

So ordered.

Dated at Hartford, Connecticut this 24th day of August 2006.

/s/
Robert N. Chatigny
United States District Judge